ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 24 2014

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

RWS

1  Robert Jackson
2  5539 Mountain Springs Cir.
3  Stone Mountain, Georgia 30088
4  770-882-1413
5  Plaintiff in Pro Per
6
7              United States District Court
8              Northern District of Georgia

9  **Robert Jackson**      )       Case No._____
10 **(Plaintiff)**         )       **1:14-CV-3430**
11     VS                  )       **Complaint**
12 **United States**       )       Plaintiff was injured as a result of the Defendant
13 **(Defendant)**         )       Failure to follow protocol and procedure on
14 dangerous medical device         dangerous medical device
15 **38 USC 7316**                  **38 USC 7316**
16                                 **Demand for Jury Trial**
17
18                         **Jurisdiction**
19 This court has jurisdiction under section 1346 (b) and 2671-2680, title28,(USC)
20                         **Venue**
21 Venue is appropriate in this court because Plaintiff lives in this district.
22                         **Parties**
23 Plaintiff, Robert Jackson resides at 5539 Mountain Springs Cir. Stone Mountain, Georgia 30088
24 Defendant (United States) reside at Office of the General Counsel (021)
25 Department of Veterans Affairs, 810 Vermont Ave. N.W. Washington DC 20420
26 (Attn. Kathryn Simpson).

## Statement of Fact

On March 2, 2007 Plaintiff had an Automated Implantable Cardiac Device (AICD) implanted at VAMC in Atlanta, Georgia. On October 18, 2007 data became available to the Defendant about a defected lead (6949), which is the same one implanted in the Plaintiff. ("exhibit A") On October 25, 2007 a class 1 recall was issued along with a Patient Safety Alert ("exhibit B"). As the initial recipient of a medical device, Plaintiff felt the Defendant should be held ultimately responsible for the documentation of device used and implantation, and in the event of a recall, hospitals must ensure proper patient notification of the recall and appropriate management decision. Because the Defendant had a legal "duty of care", they are obligated to tell of the nature of the device recall, the risk the device poses on their health and various options available to resolve the risk. The Defendant never made an effort, nor can they prove any notification of a recall was ever given to the Plaintiff.

On July 4, 2009 at the Plaintiff resident in Stone Mountain, Georgia at around 3:00 am the Plaintiff AICD fractured (To shock for no reason) Sending six high voltage painful electrical shocks within a ten minute span of time causing extreme pain and suffering and what would be the initial cause of PTSD which is well documented in records at VAMC in Atlanta. Plaintiff was rushed to emergency room where device was turned off and emergency surgery was given a few days later to have the device replaced. The device fractured exactly 28 months after implant. But the data had been out almost two years stating that this device had a 99.2% fracture rate that why it was important to for the Plaintiff to have known of the dangers. Plaintiff then contacted Defendant to find out why he had not been notified of the recall and the dangers. On April 30, 2014 a statement from Kathy Simpson (VA attorney) stating the Plaintiff had been notified on a safety alert and if Plaintiff hear a beep to call. ("exhibit D") A safety alert only trigger the need to make a reasonable effort which Defendant did not. Defendant also ignored the recommendation of the VA Director of Cardio Surveillance Center Dr. Ed Keung ("exhibit C"). Dr. Keung was featured in an article Veteran Health Administration, ( The Shock Heard 'round the World) where he was quoted as saying ("we call the patients in and sit them down and discuss their options"). This recommendations as well as procedures were never followed.

**Statement of Fact**

Because the Defendant received tons of Data and Information on the class 1 recall from the manufacturer, as well as VA Health Administration, Urgent Medical Device Information and recommendation from Dr. Ed Keung Director of the VA Cardio Surveillance Center.  The defendant had over 28 months to review the data and make arrangement to discuss options with Plaintiff on the dangers of the recall. But procedures were not followed. Defendant was also asked for proof of notification to Plaintiff , Defendant could not produce any sort of notification or ever being told of the dangers of this device. Defendant also knew that there was a 99.2% chance that the device would harm the Plaintiff and all the warning were ignored.   As a result of Defendant breached his duty to the Plaintiff.  Plaintiff is seeking damages for pain and suffering as well as physical and psychological injuries caused by additional surgeries and issues with PTSD which is well documented in Plaintiff VA health records .

## Request for Relief

1. $250,000 pain and suffering
2. Court cost
3. Compensatory damages including general and special damages according to proof
4. Any further relief the court nay deem appropriate
5. Explanation why Plaintiff was not warned

## Demand for Jury Trial

Plaintiff hereby requests a jury trial on all issues raised in this complaint.

Dated: October 20, 2014

Sign *Robert Jackson* – 10-20-14

By: Robert Jackson

Plaintiff in Pro Per